UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| ROBERT F. REEVES, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO. 3:17-CV-841 RLM |
| vs. | ) | |
| | ) | |
| INDIANA PAROLE BOARD, *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Robert F. Reeves, a prisoner without a lawyer, filed a complaint alleging that he is being detained illegally pursuant to the Indiana Parole Board's actions. The court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief may be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006). To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim for relief that is plausible on its face. Bissessur v. Indiana Univ. Bd. of Trs., 581 F.3d 599, 602-03 (7th Cir. 2009). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully

1

pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

According to the complaint, in April 2017, Mr. Reeves was on parole for an unspecified offense, when he was arrested and charged with theft. He was brought before the Indiana Parole Board and he entered into a Conditional Parole Release Agreement. He alleges that Indiana Parole Board has miscalculated his release date under the parole revocation agreement and he is being wrongfully incarcerated. He sues the Indiana Department of Correction Parole Board, Indiana Governor Eric Holcomb and Westville Correctional Facility Superintendent Mark Sevier. He seeks release from custody as well as an award of monetary damages for the time he has spent in prison. ECF 2 at 5.

Mr. Reeves hasn't named a proper defendant in connection with his claim for money damages. To start, he has named the Indiana Parole Board, but the Eleventh Amendment generally precludes a citizen from suing a state or one of its agencies or departments for money damages in federal court. Wynn v. Southward, 251 F.3d 588, 592 (7th Cir. 2001). There are three exceptions to Eleventh Amendment immunity: (1) suits against state officials seeking prospective equitable relief for ongoing violations of federal law are not barred by the Eleventh Amendment; (2) individuals may sue a state directly if Congress has abrogated the state's immunity from suit; and (3) individuals may sue the state if the state waived its sovereign immunity and consented to suit in federal court. MCI

Telecommunications Corp. v. Ill. Commerce Comm'n, 183 F.3d 558, 563 (7th Cir. 1999). The Indiana Parole Board is a state agency. Wynn v. Southward, 251 F.3d at 592. None of the exceptions to Eleventh Amendment immunity apply: Mr. Reeves hasn't named a responsible state official as a defendant, Indiana hasn't consented to this suit, and Congress didn't abrogate the State's immunity through the enactment of § 1983. See Joseph v. Bd. of Regents of Univ. of Wis. Sys., 432 F.3d 746, 748 (7th Cir. 2005).

Mr. Reeves also names Governor Holcomb[1] and Superintendent Sevier as defendants. Nowhere in the complaint does Mr. Reeves allege that either of them are responsible for the harm he complains of. Because § 1983 creates a cause of action for damages based on personal liability, Mr. Reeves must show that the defendants' personal involvement or direct responsibility led to the conditions of which he complains. Starzenski v. City of Elkhart, 87 F.3d 872, 879 (7th Cir. 1996). To do state a claim, Mr. Reeves must plausibly allege a causal link between the defendants' conduct and his injury. Benson v. Cady, 761 F.3d 335, 339 (7th Cir. 1985). This he has not done. Without more, it's not plausible to conclude that either of these defendants can be held responsible for the Indiana Parole Board's actions. Burks v. Raemisch, 555 F.2d 592, 596 (7th Cir. 2009) (noting that section

---

[1]The Governor, too, would likely be entitled to Eleventh Amendment immunity. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 n. 10 (1989).

1983 defendants "are responsible for their own misdeeds but not for anyone else's.").

As for Mr. Reeves's request for release from prison, this type of relief can only be pursued in a habeas corpus proceeding under 28 U.S.C. § 2254. See Preiser v. Rodriguez, 411 U.S. 475, 488 (1973) (habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement); Williams v. Wisconsin, 336 F.3d 576, 579 (7th Cir. 2003) (observing that "collateral attacks disguised as civil rights actions should be dismissed"). Mr. Reeves acknowledges as much. ECF 2 at 6. If his goal is to be released from custody, he will have to pursue habeas relief.

Though this complaint doesn't state a claim against any defendant upon which relief can be granted, the court will give Mr. Reeves an opportunity to file an amended complaint if he believes that he can address these deficiencies. See Luevano v. Wal-Mart, 722 F.3d 1014 (7th Cir. 2013).

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint form and mail it to Robert F. Reeves, along with a copy of this order; and

(2) GRANTS Robert F. Reeves until **January 22, 2018**, to file an amended complaint.

If Mr. Reeves doesn't respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

SO ORDERED.

ENTERED: December 21 , 2017

                                                  /s/ Robert L. Miller, Jr.
                                                  Judge
                                                  United States District Court